IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VINCENT WEED,                                       CV 04-1131-KI

        Plaintiff,                              OPINION AND ORDER

    v.

JO ANNE BARNHART, Commissioner of
Social Security,

        Defendant.
_____

Rory Linerud
P. O. Box 1105
Salem, Oregon  97308

    Attorney for Plaintiff

Karin J. Immergut
United States Attorney
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

    - and -

Page 1 - OPINION AND ORDER

Thomas M. Elsberry
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Vincent Weed brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for Supplemental Security Income under Title XVI of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## PROCEDURAL BACKGROUND

Weed filed an application for Supplemental Security Income on November 30, 2001 alleging disability. His application was denied initially and upon reconsideration. Weed requested a hearing.

On December 4, 2003, Administrative Law Judge Gary W. Elliott (the ALJ) held a hearing at which Weed, proceeding without a representative, and a vocational expert testified. On January 22, 2004, the ALJ issued a decision finding that Weed was not entitled to benefits. TR 0008C-0008H. The ALJ concluded that Weed was not disabled because his "medically determinable bipolar disorder; and personality disorder - schizoid and pedophilia, do not prevent [him] from performing his past relevant work." TR 0008H. The Appeals Council denied review.

## STATEMENT OF THE FACTS

Weed was 41 years old at the time of the administrative hearing. Weed had a high school equivalent education and one year of college. His past relevant work experience included mail sorter and janitor.

On January 22, 2002, Lisa Sjodin, M.D. conducted a consultative psychiatric evaluation of Weed after referral by the Social Security Disability Determination Services. Weed reported to Dr. Sjodin that he had received Social Security Disability approximately 15 years ago based on a diagnosis of schizophrenia, but his funds were terminated between 1990 and 1995 when he was incarcerated. Weed told Dr. Sjodin he was reapplying on the basis of schizophrenia. Weed reported that he was currently on parole, depressed, homeless, and had some thoughts of suicide. Weed denied any delusional thought content or hallucinations. Weed denied any history of alcohol dependence or drug abuse. Weed reported that he slept at the Mission and rode the bus on most days. Dr. Sjodin stated:

> The claimant gave a history suspicious of bipolar affective disorder and described many nights walking throughout the streets of Salem when having nowhere to sleep. Furthermore, he appears to have had what may be a mixed episode in his late teens with delusions that he was the captain of a star ship. At this time, the claimant is sleeping regularly; however, he did report that he is severely depressed, and that is associated with feelings of hopelessness and suicidal thoughts. The examiner feels at this time, the claimant's most significant problems are related to his severe personality disorder. Today, he exhibited an odd affect, giggling frequently throughout the evaluation.
>
> The examiner feels that although it is difficult to diagnose the claimant, he gives the impression of one with a moderate to severe mental illness.

TR 107-08.

The record contains reports from two non-examining physicians. On February 28, 2002, Paul Rethinger, PhD, reported that Weed's medically determinable impairment "schizoid personality, pedophilia" resulted in moderate difficulties maintaining social functioning. TR 116-19. On April 18, 2002, Bill Hennings, PhD reported in a Mental Residual Functional Capacity Assessment that Weed was moderately limited in the ability to understand, remember, and carry out detailed instructions; the ability to set realistic goals or make plans independently of others; and the ability

to interact appropriately with the general public and to work in coordination with others. TR 123-26.

On December 4, 2003, Weed testified at the administrative hearing that he reads but has some problems writing, and that he is able to do simple math and to make change. Weed testified that he was unable to obtain work because of his "criminal record and the fact that I've been homeless for three years with some psychological trauma due to the homelessness." TR 137. Weed testified that he has psychological trauma, paranoia, resentment of governmental agencies, chronic bronchitis, and a history of pneumonia. TR 136-41.

The vocational expert testified that a hypothetical individual Weed's age, with his education and past relevant work experience as a mail sorter and janitor, who is limited to simple routine tasks and instructions, who should not have frequent contact with the general public or work in close contact with co-workers, and who should have no contact with children could perform Weed's past work as a janitor and a mail sorter. TR 142.

## **STANDARDS**

A claimant is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423 (d)(1)(A). The initial burden of proof rests on the claimant to establish his disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996).

The ALJ concluded that Weed carried his burden to show that he had not engaged in substantial gainful activity, and that he suffered from severe impairments. The ALJ concluded that Weed's impairments did not meet or equal the listings in the regulations, and that Weed did not carry

his burden to show that his impairments prevent him from doing his past relevant work. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); s*ee also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

## CONTENTIONS OF THE PARTIES

Weed contends that the ALJ improperly determined his residual functional capacity and relied upon erroneous testimony by the vocational expert; that the ALJ erred by determining his mental impairment was not severe; and that the ALJ failed to adequately develop the record.

The Commissioner contends that the ALJ properly relied upon the testimony of the vocational expert; that the ALJ properly assessed Weed's mental impairment and his residual functional capacity; and that the ALJ was under no duty to further develop the record.

## ANALYSIS

1.   Residual Functional Capacity and Vocational Expert Testimony

The ALJ found that Weed "retains the residual functional capacity to perform simple routine tasks and understand simple routine instructions. He is precluded from all contact with children or more than minimal contact with the general public, and he is precluded from working in close coordination with co-workers. [Weed] has no physical limitations." TR 0008H. The hypothetical

presented to the vocational expert "limited [the person] to a simple routine task and instructions." TR 142. Based upon testimony of the vocational expert, the ALJ found that Weed's past relevant work as a mail sorter and janitor did not require the performance of work-related activities precluded by his residual functional capacity. TR 0008H.

Weed contends that the residual functional capacity assessment and the hypothetical presented to the vocational expert failed to incorporate the functional limitation stated by non examining physicians Dr. Rethinger and Dr. Henning that he was moderately limited in the "ability to set realistic goals or make plans independently of others." TR 125. Weed contends that his past work as janitor and mail sorter require a person to perform multiple tasks in a significant number of sequences, and that the moderate limitation in ability to set realistic goals or make plans independently of others eliminates his ability to work as a mail sorter or a janitor. The Commissioner contends that the ALJ adequately incorporated the findings of non-examining physicians in the residual functional capacity by limiting Weed to performing simple routine tasks and to understanding simple routine instructions. The Commissioner contends that substantial evidence supports the assessment of residual functional capacity by the ALJ and the testimony of the vocational expert.

Residual functional capacity indicates the most an individual can still do in a work setting after considering the effects of physical and mental limitations. *See* 20 C.F.R. § 404.1545(a). "In order for the testimony of a [vocational expert] to be considered reliable, the hypothetical posed must include all of the claimant's functional limitations, both physical and mental supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (internal quotation marks omitted). The ALJ specifically noted the conclusion of the non-examining physicians that Weed has "some

preclusion to working in close proximity with others and he must avoid working around children." TR 0008G. The ALJ adequately incorporated Weed's limitation in the ability to set realistic goals or make plans into the residual functional capacity by limiting Weed to "perform[ing] simple routine tasks and understand[ing] simple routine instructions." *Id.* The ALJ stated: "Mental status shows that the claimant is able to read for pleasure, he can concentrate, he can do math calculations, his memory is intact, he is able to persist in activities, and his pace is good. The claimant is cognitively intact . . . ." TR 0008F. There is substantial evidence in the record to support the residual functional capacity assessment by the ALJ and the hypothetical posed to the vocational expert. The ALJ properly relied upon the testimony of the vocational expert that the positions of janitor and mail sorter can be performed by a person "being limited to a simple routine task and instructions." TR 142.

2.  Mental Impairment

Weed contends that the ALJ erred in determining his mental impairment was not severe because he did not take medication or seek mental health counseling or treatment.

The ALJ found that Weed had a "bipolar disorder; and personality disorder - schizoid and pedophilia, impairments that are 'severe' within the meaning of the Regulations but not 'severe' enough to meet or medically equal, either singly or in combination to one of the [listed] impairments." TR 0008F. This finding is supported by substantial evidence in the record. The ALJ was entitled to consider the medication and treatment in determining whether Weed's impairments met or equaled the listings in the regulations and the level of disability resulting from the impairment.

3. Duty to Develop the Record

Weed contends that the ALJ failed to properly develop the record by not obtaining additional testing or further examination and by not securing additional medical records. Weed contends that the ALJ was required to clarify whether his impairments met or equaled a listed impairment and to clarify his true capacity according to Dr. Sjodin. The Commissioner contends that the evidence in the record was adequate to determine whether Weed was disabled, and there was no need for the ALJ to further develop the record.

The ALJ has a duty to develop the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); 20 C.F.R. § 404.1512(e). The ALJ found that Weed "credibly reported his difficulties and his history." TR 0008F. The medical records were not ambiguous or inadequate. There was substantial evidence to support the decision of the ALJ that Weed could return to his prior work and was not disabled.

IT IS HEREBY ORDERED that the decision of the Commissioner is AFFIRMED, and the court will enter judgment in favor of the defendant.

DATED this 15th day of April, 2005.

    /s/ Garr M. King
    GARR M. KING
    United States District Judge